UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOLLY A. MCWHORTER, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | NO. C16-1209RSL <br><br> ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS |

Plaintiff Molly A. McWhorter appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 38-year-old woman with one year of college education. Administrative Record ("AR") at 327, 332. Her past work experience was in serving, online web teaching,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 1

medical billing for an insurance company, and hotel housekeeping. AR at 333. Plaintiff was last gainfully employed in October of 2011. AR at 331.

Plaintiff protectively filed an application for SSI on August 27, 2012. AR at 20. Plaintiff asserted that she was disabled due to borderline personality disorder, anxiety disorder, bipolar disorder, panic disorder, and post-traumatic stress disorder ("PTSD"). AR at 331.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 20. Plaintiff requested a hearing, which took place on January 30, 2014. Id. On November 10, 2014, the ALJ issued a decision finding that plaintiff was not disabled based on his finding that plaintiff could perform past relevant work. AR at 20-37. Plaintiff's request for review by the Appeals Council was denied on June 8, 2016 (AR at 1-7), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On August 5, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 4.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

As the claimant, Ms. McWhorter bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do

---

[2] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. DECISION BELOW

On November 10, 2014, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since August 27, 2012, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. The claimant has the following severe impairments: anxiety disorders, affective disorders, personality disorders, and history of substance addiction disorders (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable of understanding and completing simple routine tasks and well-learned complex tasks. She would do best working on single tasks. There should be an emphasis on occupations/duties dealing with things/objects rather than people. There should be no contact with the public for work tasks, but incidental contact with the public is not precluded. She can have occasional contact with coworkers for work tasks lasting on the average of 20 minutes or fewer an occurrence. She can have at least frequent contact with her supervisor. There should be only occasional changes in the work environment. There should be a low-stress environment, defined as no more that occasional decision-making required.

5. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since August 27, 2012, the date the application was filed (20 C.F.R. § 416.920(g)).

AR at 20-37.

## V. ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating the medical evidence.

B. Whether the ALJ erred in refusing to subpoena two physicians.

C. Whether the ALJ erred by failing to recuse himself.

D. Whether plaintiff was denied due process due to the ALJ's generalized bias.

Dkt. 20 at 1.

//

VI.     DISCUSSION

A.     <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ erred in his analysis of the medical evidence in the record. <u>See</u> Dkt. 20 at 7-15. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Comm'r, Soc. Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u> The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31.

//

1. <u>Carolyn Logsdon, Ph.D.</u>

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Carolyn Logsdon, Ph.D. <u>See</u> Dkt. 20 at 7-10. The Court agrees.

In February of 2014, Dr. Logsdon diagnosed plaintiff with PTSD and opined that plaintiff had severe concentration and retention problems, experienced disrupted sleep patterns, and would have difficulty completing a workday without significant interruptions. <u>See</u> AR at 657. Dr. Logsdon wrote:

> In terms of her functional limitations, she is severely limited in her ability to perform work activities within a schedule, to maintain regular attendance, or to be punctual in a work setting within customary tolerance[s] without additional unusual supervision. In my opinion, she also would have severe limitations in communicating with co-workers and supervisors, and performing in an effective manner in a work setting.

<u>Id.</u> The ALJ gave this opinion little weight because it was inconsistent with objective testing in the record, because plaintiff expressed interest in job retraining, and because plaintiff switched her sleep schedule to avoid spending time with her partner. <u>See</u> AR at 35. None of these reasons is a specific and legitimate reason supported by substantial evidence to discount all of Dr. Logsdon's opined limitations.

First, the ALJ's finding that plaintiff's performance on cognitive testing was inconsistent with Dr. Logsdon's opinion can only apply to any cognitive limitations. That plaintiff showed normal cognition and memory on mental status exams is in no way inconsistent with Dr. Logsdon's opinion that plaintiff's PTSD would result in severe limitations in communicating with supervisors or being punctual, for example. Despite Dr. Logsdon opining to more severe limitations, the ALJ found that plaintiff could have occasional contact with coworkers and frequent contact with supervisors, with no punctuality or

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 7

attendance problems. See AR at 29. The ALJ's finding of inconsistency between Dr. Logsdon's opinion and cognitive testing is not sufficient to explain why the ALJ rejected the opined social limitations in favor of the opinions of non-evaluating physicians.

Next, the ALJ's finding that plaintiff "expressed an interest in job retraining" is not a legitimate reason to discount Dr. Logsdon's opinion. See AR at 35. A person with mental health impairments may not realize that her "condition reflects a potentially serious mental illness." See Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996). Plaintiff's once-mentioned interest in job retraining has no bearing on her treating physician's professional opinion regarding the barriers that she would face in her pursuit of employment.

Finally, the ALJ's finding that plaintiff's disrupted sleep patterns were her own choice is not sufficient to discount the entirety of Dr. Logsdon's opinion. See AR at 35. While Dr. Logsdon noted that plaintiff's sleep patterns were disrupted, substantial evidence does not support any inference that the entirety of Dr. Logsdon's opinion regarding plaintiff's functional limitations hinged on plaintiff's disrupted sleep patterns. See AR at 657. Dr. Logsdon diagnosed plaintiff with PTSD and opined that she had severe problems "resulting from her psychological condition." See id. The source of plaintiff's sleep issues is, therefore, not a legitimate reason to disregard these functional limitations. The ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Logsdon's opinion.

"[H]armless error principles apply in the Social Security context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see Molina, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 8

application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" Molina, 674 F.3d at 1118-19 (quoting Shinseki v. Sanders, 556 U.S. 396, 407 (2009)). Had the ALJ fully incorporated Dr. Logsdon's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. Therefore, the ALJ's error affected the ultimate disability determination and is not harmless.

### 2. Margaret Cunningham, Ph.D.

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Margaret Cunningham, Ph.D. See Dkt. 20 at 10-11. The Court agrees.

In July of 2012, Dr. Cunningham evaluated plaintiff and opined that she had severe limitations in the majority of basic cognitive and social work-related activities. See AR at 427. The ALJ gave Dr. Cunningham's opinion little weight because the mental status examination ("MSE") results were "somewhat inconsistent with the longitudinal record" and because the tentative diagnosis of dementia was inconsistent with plaintiff's activities and other testing in the record. See AR at 34. Neither of these reasons is specific, legitimate, and supported by substantial evidence.

First, the ALJ's finding that the MSE results were "somewhat inconsistent" with the record is not sufficiently specific. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing Nguyen, 100 F.3d at 1464). "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 9

the objective findings does not achieve the level of specificity our prior cases have required." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). Furthermore, even inferring that the ALJ was referring to the cognitive testing results that he cited in discounting Dr. Logsdon's opinion, these results again are not sufficient to discount the social limitations to which Dr. Cunningham opined. See supra § VI.A.1.

Next, the ALJ's finding that Dr. Cunningham's tentative diagnosis of dementia was inconsistent with the record is not a legitimate reason to discount her opinion because substantial evidence does not support a finding that Dr. Cunningham was relying on that tentative diagnosis in describing plaintiff's functional limitations. While Dr. Cunningham tentatively diagnosed plaintiff with substance-induced persisting dementia, she also diagnosed PTSD, anxiety disorder, depressive disorder, and panic disorder. See AR at 426. These non-provisional diagnoses could be expected to produce the functional limitations to which Dr. Cunningham opined. Therefore, any alleged inconsistency between the record and Dr. Cunningham's tentative diagnosis of dementia is not a legitimate reason to discount her opinion. The ALJ erred by failing to provide and specific and legitimate reason supported by substantial evidence to discount Dr. Cunningham's opinion.

### 3. Steven Johansen, Ph.D.

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Steven Johansen, Ph.D. See Dkt. 20 at 11-13. The Court agrees.

In November of 2011, Dr. Johansen evaluated plaintiff and opined that she would require additional supervision to monitor performance and that her abilities to complete a workday or work week without interruption and to maintain punctual attendance were markedly impaired. See AR at 419. The ALJ gave Dr. Johansen's opinion partial weight

because Dr. Johansen did not observe plaintiff's symptoms, the MSE results did not support the opined limitations, and Dr. Johansen was not aware of plaintiff's activities. See AR at 33. The ALJ added that to the extent Dr. Johansen relied on plaintiff's self-reports, his opinion was further discounted. See id. None of these reasons is specific, legitimate, and supported by substantial evidence.

First, that Dr. Johansen noted that he did not observe plaintiff's symptoms during the clinical interview is not alone a legitimate reason to discount Dr. Johansen's ultimate opinion. Though Dr. Johansen indicated that he did not observe plaintiff's sleep disturbance, anxiety, compulsive behaviors, social avoidance, and self-mutilation during the clinical interview, he determined that plaintiff suffered from these symptoms and that the symptoms affected plaintiff's ability to work. See AR at 418. This determination was presumably based upon the MSE that Dr. Johansen performed, in which he found plaintiff to have put forth "adequate effort with no apparent deception," along with information provided by plaintiff regarding her psychosocial history. See AR at 419-21. Therefore, where Dr. Johansen opined that plaintiff had several symptoms that resulted in functional limitations despite not being immediately observable in a clinical interview, the ALJ cannot discount those limitations because the symptoms were not observed. See McBrayer v. Sec'y of Health and Human Services, 712 F.2d 795, 799 (2d Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

Next, the ALJ's finding that the MSE results do not support the degree of the assessed limitations is not supported by substantial evidence. The ALJ fails to identify which MSE results contradict Dr. Johansen's opinion. See AR at 33. Dr. Johansen reported several normal findings in cognitive functioning and orientation but also found that plaintiff had detached and "spacey" affect with low intensity, hypoactivity, marginal insight, and fund of knowledge

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 11

below her reported education level. See AR at 420-21. From these results and plaintiff's psychosocial history, Dr. Johansen determined that plaintiff would need additional supervision and would be markedly impaired in keeping regular attendance and punctuality. See AR at 419. Substantial evidence does not support the ALJ's general statement that Dr. Johansen's opinion was not supported by the MSE results.

The ALJ next noted that Dr. Johansen was not aware of plaintiff's activities, citing treatment records from the year after Dr. Johansen's evaluation. See AR at 33. Dr. Johansen considered plaintiff's reported activities at the time. See AR at 419. An ALJ may reject a physician's opinion in part on the basis that other evidence of the claimant's ability to function, including reported activities of daily living, contradicts that opinion. See Morgan, 169 F.3d at 601-02. However, even inferring that the ALJ was stating that Dr. Johansen's opinion was contradicted by plaintiff's activities, the ALJ's finding was not sufficiently specific. The ALJ did not identify which activities in the record contradicted Dr. Johansen's opinion that plaintiff would need additional supervision and would be markedly impaired in keeping regular attendance and punctuality, and the Court will not attempt to do so on the ALJ's behalf. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss).

Finally, the ALJ stated that "[t]o the extent Dr. Johansen was not aware of the range of the claimant's non-credible allegations, his opinion is further discounted." AR at 33. This statement is not sufficiently specific because the ALJ made no attempt to connect it to the facts of the case. See Garrison, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than…criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). Regardless, even had the ALJ specifically found that Dr. Johansen relied too heavily on plaintiff's self-reports, that

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 12

1  finding would not be supported by substantial evidence. Dr. Johansen's opinion is supported

2  by a review of plaintiff's psychosocial history and MSE results. See AR at 419-21. Therefore,

3  the ALJ erred by failing to provide a specific and legitimate reason supported by substantial

4  evidence to discount Dr. Johansen's opinion.

5              4.   State Agency Psychological Consultants

6  Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason

7  supported by substantial evidence to discount the opinions of the state agency psychological

8  consultants. See Dkt. 20 at 13-15. The Court agrees.

9  The non-examining state agency psychological consultants who reviewed plaintiff's

10 medical record found that she may require occasional "additional supervision to maintain

11 accuracy and pace." See AR at 150, 162. The ALJ gave the consultants' opinions some weight

12 but stated that plaintiff's "need for supervision is not supported by the record." See AR at 34-

13 35. Again, this statement is not sufficiently specific. See Garrison, 759 F.3d at 1012-13.

14 Furthermore, considering that plaintiff's treating physician and an examining physician found

15 that plaintiff would need additional supervision, the ALJ's finding is not supported by

16 substantial evidence. See AR at 419, 657. Therefore, the ALJ erred by failing to provide a

17 specific and legitimate reason supported by substantial evidence to discount the consultants'

18 opinions.

19 B.  Remand for an Award of Benefits

20 Plaintiff alleges that the ALJ erred in several other areas, including refusing to

21 subpoena two physicians, failing to recuse himself, and denying plaintiff due process due to the

22 generalized bias. See Dkt. 20. However, considering the ALJ's error in evaluating the medical

23 evidence, the final question requiring resolution is whether this is one of the unusual cases in

24

which the Court should exercise its discretion to remand this case for an award of benefits rather than for further proceedings.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" Garrison, 759 F.3d at 1019 (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. Treichler v. Comm'r, Soc. Sec. Admin., 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996); Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the ALJ committed harmful error in his analysis of each of the medical opinions in the record. See supra § VI.A.; see also AR at 33-35. The ALJ has failed to issue a decision that is free of legal error and supported by substantial evidence in the record.

Second, there are no outstanding issues that must be resolved. Each of the medical opinions in the record includes significant functional limitations caused by plaintiff's mental impairments that were not incorporated into the RFC. See supra § VI., A. Plaintiff's treating and examining physicians agreed that plaintiff was markedly to severely limited in her ability to maintain regular attendance, be punctual within customary tolerances, and complete a

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 14

normal workday without interruptions from psychologically-based symptoms. See AR at 419, 427, 657. Furthermore, the state agency medical consultants agreed with plaintiff's treating and examining physicians that plaintiff would require additional supervision to maintain pace. See AR at 150, 162, 419, 427, 657.

Third, crediting the improperly rejected medical opinions as true, plaintiff would be required to be found disabled. The vocational expert testified that plaintiff would not be able to retain employment if she could not perform at a production-rate pace. See AR at 124-30. The vocational expert also testified that plaintiff would not be able to retain employment if she were off task 15 percent of the day due to psychologically-based symptoms or could not be punctual to work five percent of the time or more. See AR at 133-35.

Accordingly, the Court finds that this is one of those rare cases where the record has been fully developed and that remanding for further proceedings "would serve no further purpose." Smolen, 80 F.3d at 1292; Holohan, 246 F.3d at 1210. Indeed, allowing the Commissioner to decide these issues again "would create an unfair 'heads, we win; tails, let's play again' system of disability benefits adjudication." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004); see also Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings."). Because review of the record as a whole does not create serious doubt that plaintiff is disabled, the Court remands the case for an immediate award of benefits.

//

//

## VII. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred in evaluating the medical evidence in the record. The decision of the Commissioner is REVERSED, and this matter is REMANDED for an immediate award of benefits.

DATED this 27th day of April, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge